IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

        vs.                                                                                                                                                                               No. 1:22-CR-01324-WJ

**DARIO VEALE**,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT 2 OF THE INDICTMENT

**THIS MATTER** is before the Court on Defendant Dario Veale's Motion to Dismiss Count 2 of the Indictment (**Doc. 82**). Count 2 of the Superseding Indictment alleges a violation of 18 U.S.C. § 924(c)(1). **Doc. 69 at 2**. In his motion, Defendant asks the Court to dismiss this count because it is duplicitous and unconstitutionally vague. The Court, having considered the parties pleadings and the applicable law, finds that Defendant's motion (**Doc. 82**) is not well-taken and is therefore **DENIED**.

## BACKGROUND

On or about April 18, 2022, DEA Agents arrested Defendant Dario Veale after he disembarked from a Greyhound bus. According to the United States, agents arrested Defendant based on multiple prior drug sales--specifically, drug sales on March 18 and March 24 of 2022. After agents arrested Defendant, they patted down his person and found a loaded black Glock 30, .45 caliber semi-automatic handgun, with serial number BSRS375 in Defendant's front inner jacket pocket. Agents then transported Defendant, the firearm, and all Defendant's property to DEA Albuquerque District Office ("ADO"). Agents then searched Defendant's Gucci handbag and found a vacuum sealed bag with small blue pills, which Agents suspected was fentanyl. The pills

1

were later tested at the DEA laboratory and confirmed to be 2,347 grams of a mixture and substance containing fentanyl.

## DISCUSSION

Defendant seeks dismissal of Count 2 in the indictment. **Doc. 82**. First, Defendant seeks dismissal of Count 2 because he believes it is duplicitous. *Id.* **at 3**. Second, because he believes the 924(c)(1)'s "in furtherance" language is unconstitutionally vague. *Id.* **at 8**.

### I. Duplicity:

Beginning with Defendant's duplicity argument, a count in an indictment is duplicitous if it "charges the defendant with two or more separate offenses." *United States v. Ibarra-Diaz*, 805 F.3d 908, 930 (10th Cir. 2015). "Multiple charges in one count present a danger that the jury could convict a defendant and not reach a unanimous agreement on precisely which charge is the basis for the conviction." *United States v. Schneider*, 594 F.3d 1219, 1228 (10th Cir. 2010). However, a single count may allege multiple means of committing a single offense without violating the prohibition against duplicity. *See* Fed. R. Crim. P. 7(c)(1) ("A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means."). Thus, whether a count in an indictment is duplicitous hinges on whether the count alleges two separate offenses or two alternative means of committing a single offense. If the latter is true, the count is not duplicitous.

Here, Count 2 alleges, "the defendant, **DARIO VEALE**, during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, specifically, possession with intent to distribute fentanyl as charged in Count 1 of this indictment, knowingly used and carried a firearm, and in furtherance of such a crime, possessed said firearm." **Doc. 69 at 2**. Defendant contends that this count is duplicitous because it alleges two distinct

criminal offenses – "using and carrying a firearm during and in relation to a drug trafficking crime" and "possessing a firearm in furtherance of a drug trafficking crime." Thus, the specific question before this Court is whether "using and carrying a firearm during and in relation to a drug trafficking crime" and "possessing a firearm in furtherance of a drug trafficking crime" are two separate and distinct offenses or two alternative means of committing a single offense.

The circuit courts that have weighed in on this question have reached different conclusions. *Compare United States v. Arreola*, 467 F.3d 1153, 1161 (9th Cir. 2006) (holding that § 924(c)(1)(A) defines only one offense) with *United States v. Combs*, 369 F.3d 925, 933 (6th Cir. 2004) (holding that § 924(c)(1)(A) criminalizes two separate and distinct offenses) and *United States v. Gamboa*, 439 F.3d 796, 810 (8th Cir. 2006) (accord), *abrogated on other grounds by United States v. O'Brien*, 560 U.S. 218 (2010).

In the *Arreola* case, the Ninth Circuit relied on the Supreme Court's decision in *Bell v. United States*, 349 U.S. 81 (1955), in concluding that § 924(c)(1) sets forth alternative means of committing a single offense rather than two distinct offenses. *Arreola*, 467 F.3d at 1157. This interpretation was driven by the concern that treating the statute as establishing two distinct offenses could result in multiple punishments. *Id.* In *Bell*, the United States Supreme Court explained that:

> [w]hen Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. . . It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment.

349 U.S. at 83. Additionally, the *Arreola* court pointed out that "where the proscribed acts merge into each other, blurring any conceptual distinctions, it is less likely that the statute creates separate offenses." 467 F.3d at 1159.

3

Conversely, the Sixth Circuit, in *Combs*, concluded that 924(c)(1) sets forth separate and distinct offenses relying on the "subtle" and "somewhat elusive" differences in proof required for "possession in furtherance of" and "use or carry during and in relation to." 369 F.3d at 933. The *Combs* court also provided a breakdown of the statutory text, explaining that "[t]he use of a second relative pronoun, the presence of a second dependent clause and the choice of different modifiers for the prohibited conduct confirm that the second prohibited act is quite distinct from the first." *Id.* at 931.

The Tenth Circuit touched on this question in *United States v. Lott*, 310 F.3d 1231, 1246 (10th Cir. 2002). In *Lott*, the Tenth Circuit addressed whether the district court erred when it denied the defendant's motion for judgment of acquittal on Count 12 of his indictment. Count 12 charged that "on or about January 21, 1999, Gary Lott knowingly carried and possessed a firearm during and in relation to and in furtherance of a drug trafficking offense." *Id.* In deciding whether the district court erred when it denied the defendant's motion for judgment of acquittal, the *Lott* court noted that this count alleging a violation of 18 U.S.C. § 924(c)(1) included two distinct offenses for which the jury could have found Gary Lott guilty. *Id.* However, the court did not raise any duplicity concerns regarding Count 12. *Id.* Instead, it stated that "[a] crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive," and then held that under either provision of 924(c)(1) the evidence was sufficient to convict the defendant. *Id.*

In *United States v. Flores*, the Tenth Circuit stated again that § 924(c)(1)(a) defines two crimes. No. 22-1181, 2023 WL 5273770 *1 (10th Cir. Aug. 16, 2023) (unpublished). In support of this assertion, the court cited *United States v. Iiland*, 254 F.3d 1264, 1270–74 (10th Cir. 2001). However, in *Iiland* the superseding indictment charged the following: "the defendant, SIDNEY

4

IILAND, defendant herein, did knowingly use or carry during and in relation to a drug trafficking crime for which he could be prosecuted in a court of the United States. . . or possessed in furtherance of said drug trafficking crimes." The applicable jury instruction required the United States to prove that during and in relation to the commission of a drug trafficking crime, the defendant knowingly used or carried a firearm, or *alternatively*, that the defendant possessed a firearm in furtherance of the commission of that crime. *Id.* at 1270 (emphasis added). The *Iiland* court again did not raise any duplicity concerns with the indictment nor any concern that the United States charged possession in the alternative. *Id.*

Given the circuit split and the limited and somewhat ambiguous case law in the Tenth Circuit regarding this question, the Court does not determine whether 924(c)(1)(a) defines two distinct and separate offenses or two alternative means of committing a single offense. Indeed, such a decision is unnecessary because as pointed out by both parties "[o]ne cure for an otherwise duplicitous indictment is to give an augmented instruction requiring unanimity on one or the other of the acts charged within a count that otherwise appear to constitute separate offenses." *United States v. Trammell*, 133 F.3d 1343, 1354–55 (10th Cir. 1998); *See also United States v. Miller*, 891 F.3d 1220, 1230 (10th Cir. 2018) (accord).[1] Therefore, to address any concerns regarding duplicity in Count 2, the Court will instruct the jury that it must unanimously agree that Defendant either used or carried a firearm during and in relation to a drug trafficking offense or that the

---

[1] Other judges in this district have faced this same question and grappled with the remedy for duplicity concerns. *See United States v. Martinez*, No. CR 18-100, 2019 WL 4261736, at *3–4 (D.N.M. Sept. 9, 2019) (Vázquez, J.) (dismissing the count as written and ordering the United States to "elect a specific charge" and "supersede the indictment immediately so that it is not duplicitous"); *United States v. Gallegos*, No. 1:22-CR-00710-MLG, 2023 WL 8477958, at *3 (D.N.M. Dec. 7, 2023) (Garcia, J.) (same); *United States v. Gomez*, No. 1:20-cr-01775, 2022 WL 4458969, at *2–3 (D.N.M. Sept. 23, 2022) (Urias, J.) (dismissing the count as written without prejudice and declining to advise the Government about how to cure the deficiency); *United States v. Mazon*, No. 1:18-CR-2208-JCH-1, 2020 WL 1450566, at *2 (D.N.M. Mar. 25, 2020) (Browning, J.) (refusing to dismiss the count because any risks of duplicity can be cured by presenting the jury with a unanimity instruction).

Defendant possessed a firearm in furtherance of a drug trafficking offense to find Defendant guilty of violating 924(c)(1).[2]

Defendant argues that even with an augmented jury instruction, "some jurors might find that Mr. Veale used and carried a firearm during and in relation to a drug trafficking offense, others that he possessed the firearm in furtherance of the offense, and others that he merely possessed a firearm during and in relation to the offense (which would be insufficient for either offense)." **Doc. 82 at 6–7.** The Court, however, sees no reason why the jury would ignore a clear unanimity instruction and convict based on different grounds, as Defendant asserts. Indeed, courts presume that jurors will follow instructions. *United States v. Herrera*, 51 F.4th 1226, 1273 (10th Cir. 2022). Consequently, an augmented instruction is sufficient to ensure that the jury reaches a unanimous decision on the underlying basis of the conviction for Count 2. For these reasons, the Court denies Defendant's request to dismiss Count 2 on the basis that it is duplicitous.

## II.     <u>Void-for-Vagueness Doctrine:</u>

Next, Defendant argues that Count 2 should be dismissed because its allegation that "Mr. Veale possessed a firearm in furtherance of a drug trafficking crime" is unconstitutionally vague. The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Similarly, an "unconstitutionally vague" law is one that "invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015); *See also*

---

[2] The Tenth Circuit, in *Trammel,* held that the district court cured any duplicity concerns with its unanimity instruction. 133 F.3d at 1355. Tracking the language of the instruction used in *Trammel*, an example of an instruction the Court can use to address any duplicity concerns in the instant case is as follows. "To find that the defendant violated 18 U.S.C. 924(c)(1), you must unanimously agree as to whether the defendant used or carried the firearm during and in relation to the drug trafficking offense, or whether the defendant possessed a firearm in furtherance of the drug trafficking offense." However, the Court invites the parties to provide it with other instructions that cure any duplicity concerns in Count 2.

*United States v. Williams*, 553 U.S. 285, 304 (2008) (explaining a statute is unconstitutionally vague when "it authorizes or encourages seriously discriminatory enforcement"). Notably, there is a high standard for striking down an Act of Congress as "unconstitutionally vague". *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963).

Defendant argues that "firearm possession–for–protection meets the 'during and in relation to' standard, and what more is required to meet the higher 'in furtherance of' standard is undefined and unknowable." **Doc. 82 at 11**.

The Court disagrees. *First*, Defendant points to no caselaw that has found §924(c)(1)'s "in furtherance of" language unconstitutionally vague. Indeed, the circuit courts that have addressed this exact issue have all determined that this language is not unconstitutionally vague. *See United States v. Helton,* 86 F. App'x 889 (6th Cir. 2004) ("18 U.S.C. § 924(c)'s use of "in furtherance of" is neither unconstitutionally vague nor overbroad."); *United States v. Eller*, 670 F.3d 762, 765 (7th Cir. 2012) (rejecting the defendant's argument that the distinction between the "during and in relation to" standard and the "in furtherance of "standard is evidence of § 924(c)'s vagueness).

Although the Tenth Circuit has not addressed whether § 924(c)(1)'s "in furtherance of" language is unconstitutionally vague, it has held that this precise language is not vague under other statutes. The "in furtherance of"[3] language is also included in 18 U.S.C. § 1324(a)(1)(A)(ii), and in United *States v. Barajas-Chavez,* the Tenth Circuit concluded this language was "unambiguous." 162 F.3d 1285, 1288 (10th Cir. 1999) (en banc).

*Second,* what more is required to meet § 924(c)(1)'s 'in furtherance of' standard is not undefined or unknowable. In *United States v. King*, the Tenth Circuit explained that to meet the "in furtherance of" standard under § 924(c)(1), the weapon must "further, promote, or advance a

---

[3] The "in furtherance of" language in the harboring aliens statute is also discussed in *United States v. Chavez-Palacios*, 30 F.3d 1290 (10th Cir. 1994) and *United States v. Perez-Gomez*, 638 F.2d 215 (10th Cir. 1981).

7

drug trafficking crime." 632 F.3d 646, 655 (10th Cir. 2011) (internal citations omitted). Put differently, "the government must establish some nexus between the firearms and underlying drug trafficking crime." *Id.* To determine whether such a nexus exists, the court pointed to a non-exhaustive list of factors:

1. the type of drug activity being conducted;
2. the accessibility of the firearm;
3. the type of firearm;
4. the legal status of the firearm;
5. whether the firearm is loaded, the proximity of the firearm to drugs or drug profits; and
6. the time and circumstances under which the firearm is found.

*Id.* (internal citations omitted).

The Tenth Circuit not only set forth factors that aid in determining whether a firearm was possessed in furtherance of a drug trafficking offense but also distinguished between the "during and in relation to" and "in furtherance of" standards under § 924(c)(1). In *Iiland*, the Tenth Circuit explained: (1) "during and in relation to" means the gun "must facilitate, or have the potential of facilitating, the drug trafficking offense," whereas (2) "in furtherance of" means a defendant's possession "furthered, promoted, or advanced" the illegal drug activity. 254 F.3d at 1271–74.

In *Flores*, the appellant advanced substantially the same argument advanced by Defendant here – "the Tenth Circuit's current interpretation of 'in furtherance of' adds nothing to 'during and in relation to,' and is thus contrary to the expressed intent of Congress." 2023 WL 5273770 at *2. The Tenth Circuit disagreed, reasoning that "[a]lthough the differences between the [two] standards are 'subtle' and 'somewhat elusive,' they exist nonetheless." *Id.* The court went on to explain that in contrast to the during an in relation to standard, the United States must establish

more than just the potential of facilitating the drug trafficking offense to satisfy the in furtherance of standard. *Id.*

Therefore, contrary to Defendant's assertion, the Tenth Circuit, in cases such as *King*, *Iiland* and *Flores*, clearly specified what more is required to satisfy § 924(c)(1)'s "in furtherance of" standard. The United States must establish more than just the potential for the firearm to facilitate a drug trafficking offense; it must demonstrate that the firearm furthered, promoted, or advanced such criminal activity. As noted by the United States, this can encompass actions such as using firearms for self-protection against robbery, threatening competitors, safeguarding the product, exchanging firearms for drugs, and protecting the proceeds from drug sales. *See Flores*, 2023 WL 5273770 at *2 ("When guns and drugs are found together and a defendant has been convicted of possession with intent to distribute, the gun, whether kept for protection from robbery of drug-sale proceeds, or to enforce payment for drugs, may reasonably be considered to be possessed 'in furtherance of' an ongoing drug-trafficking crime.") [4]

However, even setting aside the Tenth Circuit's many standards and definitions, § 924(c)(1)'s "in furtherance of" language still provides a person of ordinary intelligence an opportunity to know what conduct it prohibits. When as here, Congress does not define a statutory term, courts must construe it in accord with its ordinary meaning. *Smith v. United States*, 508 U.S. 223, 228 (1993). Upon review, "furtherance" has an ordinary meaning of "a helping forward: advancement, promotion." Webster's New International Unabridged Dictionary 1022 (2d ed. 1959); *see also* Furtherance, American Heritage Dictionary (1976 ed.) ("[t]he act of furthering, advancing, or helping forward."). Based on the plain meaning of "in furtherance of," ordinary

---

[4] While the Court acknowledges that the "during and in relation to" and "in furtherance of" standards may overlap at times, it notes that such overlap aligns with Congress' intent and does not make the conduct § 924(c)(1) prohibits unintelligible to ordinary people. See H.R. REP. NO. 105–344, 1997 WL 668339, at 11 (1997) (explaining Congress' belief that in furtherance of is a slightly higher standard and *encompasses* the during and in relation to language).

people are on notice that if they possess a firearm to advance, help forward, promote, or facilitate a drug trafficking crime, they violate § 924(c)(1).

Defendant also invokes the rule of lenity in support of his argument. However, the rule of lenity is inapplicable unless there is a "grievous ambiguity or uncertainty in the language and structure of the Act." *See Huddleston v. United States*, 415 U.S. 814, 831 (1974) (finding the rule inapplicable because it perceived no grievous ambiguity or uncertainty in the language and structure of the Act). For the reasons detailed above, the Court perceives no grievous ambiguity or uncertainty in the language and structure of § 924(c)(1). Accordingly, the rule of lenity is inapplicable here.

In sum, the Court finds that the "in furtherance of" standard under § 924(c)(1) is not unconstitutionally vague as it provides ordinary people an opportunity to know what conduct it prohibits and does not invite arbitrary enforcement.[5]

## CONCLUSION

Since any duplicity concerns in the indictment can be cured with an augmented unanimity instruction and the "in furtherance" standard is not unconstitutionally vague, the Court **DENIES** Defendant's Motion to Dismiss Count 2 of the Indictment. (**Doc. 82**).

**IT IS SO ORDERED.**

                          /s/
                          WILLIAM P. JOHNSON
                          CHIEF UNITED STATED DISTRICT JUDGE

---

[5] In *United States v. Young*, this Court arrived at the same conclusion when addressing the exact same argument advanced by the same counsel. No. 1:23-CR-201-01-WJ, 2024 WL 1230245, at *2 (D.N.M. Mar. 22, 2024) (Johnson, J.)